CONSTANCE ZAYTOUN LAMAR v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION

(Filed 25 February, 1959.)

**Insurance § 42—**

    Death of a soldier in action during the "Korean Conflict" occurs while he is in the military service in time of war, "whether such war be declared or undeclared" within the exclusion of a double indemnity provision in a life insurance policy.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Moore (C. L.) J.,* at November 1958 Term of CRAVEN.

Civil action to recover on insurance policy No. 4390754, known as an ordinary insurance policy issued by defendant, on the life of Thomas C. Lamar in principal amount of $5,000.00 payable at his death to Constance Zaytoun Lamar, his wife, with "supplementary provision" for additional benefit of $5,000.00 on death caused "di-

rectly, independently and exclusively of all other causes, by a bodily injury sustained solely by external, violent, and accidental means * * * " subject to the condition that no such additional benefit will be payable "if death * * * occurs while the insured is in military, naval or air service * * * in time of war, whether such war be declared or undeclared."

And the parties stipulate that insured was a reserve officer in the United States Army, recalled into service, occasioned by what is commonly called "The Korean Conflict," and ordered to Korea by Presidential Proclamation, and thereafter "on or about October 17, 1951, was killed in action during said armed conflict which was then in progress between the Armed Forces of the United States and those of North Korea, as a result of being struck by shrapnel or gun fire."

And defendant has paid plaintiff, as beneficiary under said policy, the sum of Five Thousand Dollars, but has refused to pay any additional amount by reason of the supplemental provision attached to the policy hereinabove set out.

The parties waived a jury trial, and filed a stipulation containing the facts, and asked the court to declare the law arising thereon and to enter judgment accordingly. Thereupon the trial judge held that plaintiff is not entitled to recover herein, and that defendant is entitled to recover of plaintiff and surety on her cost bond all costs incurred herein as taxed by the Clerk of Superior Court.

Plaintiff excepted thereto and appeals to Supreme Court and assigns error.

*Barden, Stith & McCotter for plaintiff, appellant.*
*Varser, McIntyre, Henry & Hedgpeth for defendant, appellee.*

PER CURIAM. Upon the facts stipulated by the parties, the conclusion reached by the trial court follows as clearly as does the night follow the day. Citation of authority is not required to sustain the judgment below. Hence it is

Affirmed.

MOORE, J., took no part in the consideration or decision of this case.